IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVELOPMENTAL SERVICES OF NEBRASKA, | ) ) ) | 4:04CV3272 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| CITY OF LINCOLN, and DENNIS HOHBEIN, as Fire Marshal of the State of Nebraska, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff has filed a motion for reconsideration of the court's order entered on April 22, 2005, or, in the alternative, for permission to file an interlocutory appeal. The motion will be denied in all respects.

Plaintiff's motion for reconsideration was not filed until May 23, 2005. Our local rules provide that "[a] party must file a motion for reconsideration of an order no later than ten (10) days after the court files the order, unless the party shows good cause for a later filing." NECivR 60.1(b). Because there has been no showing of good cause for the late filing, the motion will be denied as untimely.

In accordance with its long-standing policy to discourage piecemeal appeals, the Eighth Circuit has instructed that § 1292(b) should be used only in exceptional cases. See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id.

(citing Bank of New York v. Hoyt, 108 F.R.D. 184, 189 (D.R.I. 1985)).[1]  After carefully reviewing the parties' briefs, I am not persuaded that this is an "exceptional case" for purposes of § 1292(b).

Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration and for certification of interlocutory appeal (filing 60) is denied in all respects.


June 28, 2005.                           BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge

---

[1] "Section 1292(b) establishes three criteria for certification: the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law': (2) 'there is a substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" White, 43 F.3d at 376 (citing Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979)).

2