IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVELOPMENTAL SERVICES OF NEBRASKA, | ) ) ) | 4:04CV3272 |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| CITY OF LINCOLN, and DENNIS HOHBEIN, as Fire Marshal of the State of Nebraska, in his official capacity only, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on the City of Lincoln's second motion for partial summary judgment (filing 89). Legal issues presented by the motion are whether the City can be sued for inspecting the plaintiff's premises pursuant to a delegated grant of authority from the State Fire Marshal, and, if so, whether the City's actions in this regard violated the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601-3619, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12165, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Because it appears that the plaintiff has abandoned all of its claims against the City regarding these "Life Safety Code" inspections, the motion will be denied without prejudice, as moot.

The plaintiff ("DSN"), in a brief filed on June 16, 2006, in support of its own motion for partial summary judgment against the City, stated:

> On June 12, 2006, DSN agreed to terms with the other Defendant in this case, Dennis Hohbein, Fire Marshal for the State of Nebraska, and DSN intends to file a motion to dismiss its claims against the Fire Marshal and its claims that the Life Safety Code is facially discriminatory. Consequently, DSN is not seeking summary judgment

on any claims against the Fire Marshal or any claims alleging the Life Safety Code is discriminatory on its face or as applied.

(Filing 148, at 2.)  Although a motion to dismiss the State Fire Marshal has not been filed, the only parties to appear at the final pretrial conference on July 5, 2006, were DSN and the City.  Reviewing the final pretrial conference order (filing 154), I find only issues that are related to the Lincoln Municipal Code and zoning ordinances. I find no issues that are related to the Life Safety Code.  The final pretrial conference order, of course, supersedes all previous pleadings.  See Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1271 (8th Cir. 1997); Fed. R. Civ. P. 16(e).

I conclude that those claims in Counts I, II, and IV of the amended complaint which are described in the City's motion (filing 89) are no longer part of this action. Accordingly,

IT IS ORDERED that the City's second motion for partial summary judgment (filing 89) is denied without prejudice, as moot.

July 6, 2006.                          BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge

2