**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DEVELOPMENTAL SERVICES OF NEBRASKA, | |
| Plaintiff, | CASE NO. 4:04CV3272 |
| v. | **CONSENT DECREE BETWEEN DEVELOPMENTAL SERVICES OF NEBRASKA, INC. AND DENNIS HOBHBEIN, AS FIRE MARSHAL FOR STATE OF NEBRASKA** |
| CITY OF LINCOLN, and DENNIS HOHBEIN, | |
| Defendants. | |

### I. INTRODUCTION

Plaintiff, Developmental Services of Nebraska, Inc. ("DSN") and Defendant, Dennis Hohbein, as Fire Marshal for the State of Nebraska, ("Fire Marshal") enter into this Consent Decree in order to resolve the claims DSN has against the Fire Marshal in the above-captioned lawsuit.[1]

In this case, DSN alleges that the Fire Marshal violated the Fair Housing Act, as amended, 42 U.S.C. §3601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (collectively referred to hereafter as the "FHA"), on the basis of disability in connection with DSN's attempt to operate housing for persons with disabilities. The Fire Marshal denies he violated the FHA and claims that his conduct with regard to DSN was taken without discriminatory intent, did not result in a disparate impact on DSN or other persons with disabilities, and did not result in a failure to grant DSN a reasonable accommodation.

Despite their competing contentions, the parties desire to avoid the expense, burden and uncertainty of further contested litigation, and, as indicated by the signatures appearing below, agree that this action should be fully and finally resolved by the terms of this Consent Decree ("Decree").

WHEREFORE, based on these understandings and commitments, the undersigned parties agree, and the Court orders, as follows:

---

[1] This Consent Decree does not settle or in any other way address any of the claims DSN may have against Defendant City of Lincoln, Nebraska including, but not limited to, the City of Lincoln's Fire Prevention Bureau's discriminatory conduct against DSN.

## II. ENFORCEMENT AND MODIFICATION OF THIS DECREE

A. The parties and their attorneys agree to work cooperatively with one another and in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution, and to effectuate the purposes of this Decree.

B. The parties shall have the right to seek from the Court relevant modifications of the Decree to ensure that its purposes are fully satisfied, provided that any request for modification has been preceded by good faith negotiations between the parties.

## III. DEFINITIONS

A. Group home shall mean any home operated by DSN for persons with disabilities or which DSN operates for persons with disabilities that meets the definition of "group home" as defined by Section 27.03.300 of the Lincoln Municipal Code. If the City amends, supplements, or otherwise modifies in any manner whatsoever the definition of "group home" contained in Section 27.03.300 of the Lincoln Municipal Code, the Fire Marshal agrees to treat DSN in a manner consistent with the current definition of "group home" contained in Section 27.03.300 and consistent with the plain language and intent of this Decree.

B. "Persons with disabilities" shall mean any person(s) with a disability or handicap as those terms are defined in 42 U.S.C. § 3602(h), 42 U.S.C. § 12132, and 29 U.S.C. § 705(20).

C. "One- and Two-Family Dwelling" for the purposes of the injunctive relief as described in Section IV below shall mean the use described in Chapter 24 of the NFPA 101 Life Safety Code, 2000 Edition, as adopted by the State of Nebraska in the Nebraska Administrative Code, Nebraska statute, or any other similar rule, or regulation.

D. "DSN" shall include Developmental Services of Nebraska, Inc. and all of its respective past or present trustees, partners, directors, officers, employees, agents, predecessors, successors and assigns.

E. The "Fire Marshal" shall include the Fire Marshal of the State of Nebraska, his employees, agents, members of any and all councils, boards, commissions, agencies, and any person acting on behalf of the Fire Marshal.

## IV. INJUNCTIVE RELIEF

A. Any "group home" for five or fewer residents with disabilities currently operated by DSN or which is operated by DSN at any time in the future in the State of Nebraska shall be classified as a "One- and Two-Family Dwelling" pursuant to Chapter 24 of the Life Safety Code, the Nebraska Administrative Code, Nebraska statute, or any other similar rule, or regulation and only those requirements

applicable to a "one- and two-family" dwelling shall be applicable to any such "group home."

B. If the State of Nebraska and/or Fire Marshal, amends, supplements, or otherwise modifies in any manner whatsoever the Nebraska requirements contained in the Life Safety Code, the Nebraska Administrative Code, Nebraska statute, or any other similar rule, or regulation, the Fire Marshal agrees to treat DSN in a manner consistent with the current definition of "One- and Two-Family dwelling" contained in the Life Safety Code and consistent with the plain language and intent of this Decree.

C. DSN may operate a "group home" for four or fewer residents with disabilities as a matter of right and shall not be subjected to an inspection by the Fire Marshal as a pre-requisite to receiving any approval from the Fire Marshal that DSN may need pursuant to federal, state, or local statute, regulation, ordinance or rule.

   1. If DSN seeks to operate a "group home" for four or fewer residents with disabilities and needs approval from the Fire Marshal for any reason, DSN shall inform the Fire Marshal of its intent to operate such a home and request approval. Upon this request, the Fire Marshal shall, within two days of such request, send to the Chief Operating Officer of DSN, a letter equivalent to the letter attached hereto as Appendix "A."

D. If DSN seeks to operate a "group home" for five residents with disabilities, the Fire Marshal, or his designated agent, shall have the right to inspect such "group home" to ensure the home meets the requirements of Chapter 24 of the Life Safety Code as described in subsections A and B of this section subject to the following:

   1. If DSN seeks to operate a "group home" for five residents with disabilities, DSN shall inform the Fire Marshal of its intent to operate such a home and request an inspection. The Fire Marshal shall complete such an inspection no later than ten (10) business days from the date on which DSN requests the inspection.

   2. If the Fire Marshal determines from his inspection that the "group home" meets the requirements of Chapter 24 of the Life Safety Code as described in subsections A and B of this section, the Fire Marshal shall within two days from the date of such inspection send to the Chief Operating Officer of DSN, a letter equivalent to the letter attached hereto as Appendix "B."

   3. If the Fire Marshal determines from his inspection that the "group home" does not meet the requirements of Chapter 24 of the Life Safety Code as described in subsections A and B of this section, it shall inform DSN of any deficiencies within (2) days of completing the inspection.

4. After DSN remedies any deficiencies identified by the Fire Marshal pursuant to subparagraph 2.c. of this section, DSN shall request another inspection and the Fire Marshal shall complete the subsequent inspection no later than ten (10) business days from the date on which DSN requests the inspection.

5. Within five (5) business days of completing the subsequent inspection which reveals the proposed "group home" has passed the subsequent inspection, the Fire Marshal shall send to the Chief Operating Officer of DSN, a letter equivalent to the letter attached hereto as Appendix "B."

6. If after subsequent inspection, the Fire Marshal determines that the "group home" still does not meet the requirements of Chapter 24 of the Life Safety Code as described in subparagraphs A and B of this section, the parties shall follow the procedure set forth in subsection 2, until the "group home" passes inspection.

E. The Fire Marshal shall provide a copy of this Consent Decree to all employees, officials, agents or other individual acting on his behalf and ensure they understand the provisions of this Consent Decree sufficient to carry out any responsibilities they may have hereunder.

## V. MONETARY DAMAGES

A. Within thirty (30) days of the entry of this Consent Decree, the Fire Marshal shall deliver to counsel for DSN a check made payable to Developmental Services of Nebraska, Inc., C/O Scott P. Moore, in the amount of **TWENTY-EIGHT THOUSAND DOLLARS ($28,000.00).** This amount is payment to DSN in damages.

## VI. RELEASES

A. In consideration for the payment to be made to DSN under this Agreement and the other premises and mutual agreements herein, DSN and the Fire Marshal fully and forever release and discharge the other from any and all known claims, demands, causes of action, and liabilities presently held that arise out of or are in any way connected to DSN's or its predecessor in interest, Active Community Treatment, Inc.'s ("ACT"), request for a permit to operate homes in the zoning jurisdiction of the City of Lincoln, except that the parties may seek to enforce any provision of this Consent Decree as set forth herein.

## VII. DISMISSAL

A. DSN's claims against the Fire Marshal in this action are dismissed with prejudice. The Court, however, shall retain jurisdiction to enforce the terms of the Decree for a period of five (5) years.

## VIII.  **TIME FOR PERFORMANCE**

A. Any time limits for performance imposed by this Consent Decree may be extended by the written mutual agreement of the parties.

## **COSTS OF LITIGATION**

B. Except as otherwise provided herein, each party to this Consent Decree shall bear its own costs and attorney's fees associated with this litigation.

DATED this the __29th__ day of November, 2006

BY THE COURT:

*[signature]*

RICHARD G. KOPF
United States District Court Judge

PREPARED AND SUBMITTED BY:

DEVELOPMENTAL SERVICES OF NEBRASKA, INC., Plaintiff

By: s/Scott P. Moore
Scott Parrish Moore (#20752)
Allison D. Balus (#23270)
Mark P.A. Hudson (#22783)
BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102
Phone: (402) 636-8268
Fax:   (402) 344-0588
spmoore@bairdholm.com

*Attorneys for Plaintiff*


DENNIS HOHBEIN, FIRE MARSHAL OF STATE OF NEBRASKA, Defendant,

By: s/Fred Coffman
Fred J. Coffman (#10725)
Assistant Attorney General
State of Nebraska
2115 State Capitol
Lincoln, Nebraska 68508
Phone: (402) 471-1803
Fax:   (402)471-4725
fred.coffman@ago.ne.gov

*Attorneys for Defendant, Dennis Hohbein, Fire Marshal of State of Nebraska*

## **APPENDIX A**

[DATE]

    Re:    Developmental Services of Nebraska residences in _____, Nebraska

To whom it may concern:

The following residence(s) at the address(es) listed below are to be occupied by 4 or fewer persons served by DSN.

1.

Because DSN is operating these residence with 4 or fewer residents, the State Fire Marshal considers their use equivalent to one- and two-family dwellings under Chapter 24 of the Uniform Life Safety Code (as adopted by the State of Nebraska at Neb. Rev. Stat. 81-502 et seq.). Therefore, there is no need for the State Fire Marshal to inspect these residents, and they are deemed compliant with the Uniform Life Safety Code (as adopted by the State of Nebraska at Neb. Rev. Stat. 81-502, et seq.), the Nebraska Fire Code regulations (153 NAC 1-001 et seq.) and all other applicable fire safety rules and regulations imposed or enforced by the Nebraska State Fire Marshal.

                                          Sincerely,


                                          Nebraska State Fire Marshal

## **APPENDIX B**

[DATE]

    Re:    Developmental Services of Nebraska residences in _____,
             Nebraska

To whom it may concern:

    The following residence(s) at the address(es) listed below are to be occupied by 5 or fewer persons served by DSN.

    2.

Because DSN is operating these residence with five (5) or fewer residents, the State Fire Marshal considers their use equivalent to one- and two-family dwellings under Chapter 24 of the Uniform Life Safety Code (as adopted by the State of Nebraska at Neb. Rev. Stat. 81-502 et seq.).

    The State Fire Marshal has inspected this(se) home(s) and they are compliant with the requirements of Chapter 24 of the Uniform Life Safety Code (as adopted by the State of Nebraska at Neb. Rev. Stat. 81-502, et seq.), the Nebraska Fire Code regulations (153 NAC 1-001 et seq.) and all other applicable fire safety rules and regulations imposed or enforced by the Nebraska State Fire Marshal.

                                                Sincerely,

                                                Nebraska State Fire Marshal

DOCS/764161.1