IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVELOPMENTAL SERVICES OF NEBRASKA, INC., | ) ) ) | 4:04CV3272 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| CITY OF LINCOLN, NEBRASKA, | ) ) | |
| Defendant. | ) ) | |

As they have done on many other issues in this case, the lawyers have submitted voluminous materials in support of their respective positions.[1] The issue before me now relates to attorney fees and non-taxable costs.[2]

The plaintiff was a prevailing party, winning damages of $331,928 in a suit against the City of Lincoln under the Fair Housing Act and related provisions of federal law. Developmental Services of Nebraska, Inc., ("DSN") is entitled to attorney fees and costs under the provisions of 42 U.S.C. § 3613(c)(2). *See*, *e.g.*, *New Hope Fellowship, Inc. v. City of Omaha*, No. 8:04CV 259, 2006 WL 1479030 (D. Neb. May 17, 2006) (in a similar case involving DSN's very excellent lawyers and paralegals, court awarded fees of $147,947 where the damages were only about $5,000 and approved an hourly rate of $300 for the lead lawyer, $125 for the "second chair" lawyer, and $50 for the paralegal).

Even though DSN did not win on all claims, DSN's interests were almost entirely vindicated. Resolution of this matter involved a hard-fought non-jury trial and extended pretrial proceedings. Both sides submitted lengthy legal arguments on a myriad of issues

---

[1] Filings 209, 210, 211, 215, 216, 218, and 219.

[2] Filing 214, an objection to bill of costs, appears on the motions list. The Clerk of Court should remove this motion from that list. The objection to taxable costs will be resolved by the Deputy in Charge when she taxes them.

from the inception of this case to the end.  The case has been pending for nearly three years.

After reading the hundreds of pages of briefs and documents submitted on the attorney fee question, both sides ultimately agree that a big fee award is justified. Including the fees for the reply brief, DSN seeks $302,952.10 plus non-taxable costs of $3,720.03.  (Filing 218, at 14.)   On the other hand, the City thinks DSN is entitled to $169,316.55 and does not appear to contest most of the claim for $3,720.03 in non-taxable costs.  (Filing 215, at 41-42.)[3]

The ultimate answer to the attorney fee question is found in the calculation of the "lodestar."  *See*, *e.g.*, *New Hope Fellowship*, 2006 WL 1479030, at *2.  That is, I must calculate the number of hours reasonably expended and then multiply those hours times a reasonable hourly rate for comparable lawyers and paralegals in the relevant market.

I have carefully considered all of the arguments asserted by both sides, but I do not believe a discussion of them is warranted.  When I reduce the total number of hours claimed by 10 percent to account for the time that I do not believe was reasonably expended, and then reduce the hourly rates claimed to bring them more in line with my view of rates in the relevant market for lawyers of comparable skill and experience, I calculate the "lodestar" as shown in the following table.

---

[3]I decide that the claim for non-taxable costs as a component of an award of attorney fees is justified. There is some dispute as to whether a $250 check was cashed. (Filing 215, at 41 ¶ H.)  I assume that the expense was incurred, but the plaintiff is directed to reimburse the defendant if that is not true.

| A. Attorney | B. Hours Requested[4] | C. Hours Allowed | D. Rate[5] Requested | E. Rate Allowed | F. Lodestar ( C times E=F) |
|---|---|---|---|---|---|
| Moore | 695.1 | 625.59 | $300/$330 | $300 | $187,677 |
| Balus | 509.6 | 458.64 | $150/$165 | $125 | $57,330 |
| Hedican | 9.80 | 8.82 | $250/$275 | $250 | $2,205 |
| Hudson | 9.20 | 8.28 | $125/$138 | $125 | $1,035 |
| Johnson | 0.50 | .45 | $250/$275 | $250 | $112.50 |
| Rajappa | 13.60 | 12.24 | $50/$55 | $50 | $612.00 |
| Kimball | 1.90 | 1.71 | $50/$55 | $50 | $85.50 |
| Barr | 14.00 | 12.60 | $50/$55 | $50 | $630.00 |
| Total | 1253.7 | 1128.33 | | | $249,687 |

IT IS ORDERED:

1. The plaintiff's motion for attorneys fees and related non-taxable costs (filing 209) is granted. The City of Lincoln, Nebraska, shall pay Developmental Services of Nebraska, Inc., $249,687 as an attorney fee plus $3,720.03 in non-taxable costs; and

---

[4] In the opening documentation, the plaintiff contended that the total number of hours expended was 1240, but the plaintiff did not give me a total for each lawyer. (Filing 211-6, at 63.) In contrast, the defendant calculated the total number of hours expended on a per-lawyer basis. (Filing 215, at 42.) When I use the defendant's approach and add those numbers together, I come up with a total of 1237 hours. To be safe, I used the defendant's calculations. In addition, the plaintiff asserted in its reply brief that it was entitled to an additional 16.7 hours for preparing that brief, with .7 hours attributed to Mr. Moore and 16.0 hours attributed to Ms. Balus. (Filing 218, at 14.) As a result, I calculate the total number of hours claimed by the plaintiff to be 1253.7 (1237 plus 16.7).

[5] Counsel for the plaintiffs, and their paralegals, increased their hourly rates 10 percent in July of 2006. (Filing 210, at CM/ECF page 5.)

2.	The Clerk of Court shall remove Filing 214 as a pending motion in the court's computerized record-keeping system, as Filing 214 is an objection to taxable costs, which shall be resolved by the Deputy in Charge.

July 2, 2007.                              BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge